ALLIANCE OF AUTOMOBILE MANUFACTURERS, et al.,
Petitioners

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondent.

Growth Energy, Intervenor.

Nos. 11–1334, 11–1344.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 21, 2014.

Shaun Michael Gehan, The Law Office of Shaun Michael Gehan, PLLC, William Moultrie Guerry, Jr., Esquire, Kelley Drye & Warren LLP, John Leonard Wittenborn, Kelley Drye & Warren LLP, Washington, DC, for Petitioners.

Jessica O'Donnell, Robert Geoffrey Dreher, U.S. Department of Justice, Washington, DC, for Respondent.

Randolph D. Moss, Heather Dawn Schafroth, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, DC, for Intervenor.

Before: TATEL and BROWN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This petition for review of final action by the United States Environmental Protection Agency ("EPA") was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. R. 36(D). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Petitioners—American Petroleum Institute ("API") and the Engine Products Group ("EPG"), itself an umbrella group of industry associations—seek review under § 307(b)(1) of the Clean Air Act, 42 U.S.C. § 7607(b)(1), of a final rule promulgated by EPA. Regulation To Mitigate the Misfueling of Vehicles and Engines With Gasoline Containing Greater Than Ten Volume Percent Ethanol and Modifications to the Reformulated and Conventional Gasoline Programs, 76 Fed.Reg. 44,406 (July 25, 2011). The petitioners argue that the regulation fails to satisfy § 211(c) of the Clean Air Act, 42 U.S.C. § 7545(c), and that certain aspects are arbitrary and capricious or an abuse of discretion. Pet'rs' Br. 1–2. EPG also challenges EPA's denial of its petition asking EPA to mandate the continued sale of gasoline containing ten percent or less ethanol ("E10") in order to ensure that the customers of members constituting the various associations in EPG do not misfuel the members' products with gasoline containing between ten and fifteen percent ethanol ("E15"), allegedly leading to a variety of injuries—of the sort that the regulation seeks to prevent or diminish—for the members themselves. See EPG Br. 3–4. EPA rejected the petition in conjunction with its issuance of the regulation. 76 Fed.Reg. at 44,427–28.

Petitioners fail to establish Article III standing because they cannot show that their members have suffered or are threatened with suffering an injury in fact that is traceable to the regulation and redressable by a favorable decision. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). An association such as API or the member organizations making up EPG has standing when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

API and EPG previously challenged EPA's decisions approving the introduction of E15 for certain vehicles and engines. *Grocery Mfrs. Ass'n v. EPA*, 693 F.3d 169, 172 (D.C.Cir.2012). The court dismissed that petition for lack of standing. *Id.* at 175–78. Because petitioners' standing arguments in this case suffer sim-

ilar flaws, *Grocery Manufacturers* dictates the outcome of this case.

API argues that its standing is self-evident because its members are the object of the regulation, which directly imposes regulatory restrictions, costs, and liabilities on persons or firms that sell E15. See Pet'rs' Br. 12–13 (citing *Sierra Club v. EPA,* 292 F.3d 895, 900 (D.C.Cir.2002)); Pet'rs' Reply Br. 2–3. But API provides no evidence that any of its members sells or plans to sell E15. In fact, petitioners' counsel conceded that API recently polled its members as to whether any member currently sells E15 and no API member responded affirmatively. Oral Arg. at 14:00–16. Nor has API shown that its members are contemplating entering into the market and that their decision depends on the validity of the challenged regulation. API has therefore failed to show exposure to a risk of injury adequate for standing.

EPG argues that E15 will damage products sold by its members for which E10 is suitable but E15 is not. Sales of E15 consistent with the regulation, it says, will therefore expose EPG members to warranty claims, product liability lawsuits, recalls, and reputational injury. Pet'rs' Reply Br. 4. Yet EPG cites only examples of costs incurred through the use of E10. *Id.* at 5–6. Like API, EPG has failed to offer evidence connecting sales of E15 under the regulation to injuries that EPG members are sufficiently likely to suffer so as to afford it standing.

EPG's challenge to EPA's denial of its rulemaking petition is similarly flawed. EPG provides no evidence that E15 has displaced or is likely to displace E10 in such a way as to drive consumers to use E15 for want of adequate E10 supplies. See EPG Reply Br. 1–2. Thus its assertion that certain vehicle and equipment owners will "have no choice" but to fuel their products with E15 in markets where E10's availability is limited is "conjectural" and "hypothetical" rather than "actual or imminent." *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130.

Pursuant to Rule 36 of this court, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc.* See FED. R.APP. P. 41(b); D.C.CIR. R. 41.